IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN W. BELL, <br> ROBERT F. HIGHLAND, and <br> CARL A. COX <br><br> Plaintiffs, <br><br> v. <br><br> RAYTHEON COMPANY, <br><br> Defendant. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. 3-08CV-0702-G |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' OBJECTIONS TO AND MOTION TO STRIKE DEFENDANT'S SUPPLEMENTAL SUMMARY JUDGMENT APPENDIX**

Defendant Raytheon Company ("Defendant" or "Raytheon") submits its response to Plaintiffs' Objections to and Motion to Strike Raytheon Company's Supplemental Summary Judgment Appendix (the "Motion"):

**I.**

**BACKGROUND AND INTRODUCTION**

In the Motion, Plaintiffs ask the Court to strike Raytheon's Supplemental Summary Judgment Appendix (the "Supplemental Appendix") submitted along with its Reply in Support of its Motion for Summary Judgment (the "Reply"). Raytheon filed the Supplemental Appendix not, as Plaintiffs allege with no factual support whatsoever, to "disrupt[] the … orderly procedure for advancing and responding to motions for summary judgment," but to present to the Court full responses, with appropriate evidentiary support, to new arguments raised for the first time in Plaintiffs' Response to Defendant's Motion for Summary Judgment (the "Response"). The Court should deny the Motion because (1) no injustice will result from the Court's consideration of the Supplemental Appendix, (2) Raytheon was entitled to file the Supplemental Appendix to

respond to Plaintiffs' new arguments, and (3) to Raytheon's understanding, the Court had indicated Raytheon could supplement the record with additional evidence.

## II.

## ARGUMENT AND AUTHORITIES

**A.  No injustice will result from the Court considering the Supplemental Appendix.**

As this Court recognized only three weeks ago, so long as no injustice results, it is perfectly permissible for the Court to consider evidence submitted along with a summary judgment reply brief. *See Fire King Int'l, LLC v. Tidel Eng'g, L.P.*, Civil Action No. 3:07-CV-0655-G, 2009 U.S. Dist. LEXIS 27710, *6 (N.D. Tex. April 01, 2009) (Fish, J.) (citing *Springs Indus., Inc. v. American Motorists Ins. Co.,* 137 F.R.D. 238, 239 (N.D. Tex. 1991) (allowing a supplemental appendix where "no palpable injustice" would result from considering new materials)). No injustice, much less a palpable injustice, can result from the Court's consideration of the Supplemental Appendix in ruling upon Raytheon's Motion for Summary Judgment. Rather, the Supplemental Appendix merely provides the Court with undisputed facts it should consider in evaluating Raytheon's motion. While Plaintiffs would prefer the Court to ignore such evidence, the Court should consider the entire record available. *See* Fed. R. Civ. P. 56(c) and 56(e)(1).

**B.  The Supplemental Appendix is properly before the Court because it responds to Plaintiffs' newly asserted arguments in their Response.**

As the Court is aware, Raytheon's Motion to Disqualify Plaintiffs' Counsel based on Plaintiffs' counsel's unauthorized receipt, review, and retention of Raytheon's privileged communications was pending before Magistrate Judge Stickney from October 2008 until April

2009.[1]  Aware of the fact that taking depositions while the Motion to Disqualify was still pending could cause Plaintiffs to allege prejudice and/or waiver, Raytheon had no choice but to file its Motion for Summary Judgment based solely upon the sparse allegations raised in Plaintiffs' Complaint.  After seeking an eleventh-hour extension to respond to the Motion for Summary Judgment, and without actually obtaining leave to exceed the page limitation, Plaintiffs filed their voluminous Response, foisting 57 pages of repetitive briefing upon the Court.  The Response was accompanied by, among other things, 38 pages of declaration testimony from Plaintiffs, much of which raised specific allegations Plaintiffs failed to include in their Complaint, EEOC charges, disclosures, or written discovery responses.

A summary judgment movant is entitled to submit additional evidence to refute allegations raised for the first time in a response to a motion for summary judgment. *E.g., Woods v. Peters*, No. 4:05-CV-724-Y, 2007 U.S. Dist. LEXIS 69234, *15 n.4 (N.D. Tex. Sept. 19, 2007) (permitting supplemental appendix filed with reply brief when response raised new argument).[2]  Any other rule would allow a summary judgment respondent free rein to delay making allegations until its response, secure in the knowledge that the movant will be unable to

---

[1] On April 21, 2009, Magistrate Judge Stickney issued an order denying the Motion to Disqualify.  Nevertheless, in the order, Judge Stickney indicated Plaintiffs and Plaintiffs' counsel had committed misconduct in their treatment of Raytheon's privileged documents.  Additionally, Judge Stickney denied Plaintiffs' Motion for Sanctions, thereby finding Raytheon's filing of the Motion to Disqualify was not improper.

[2] *McDonald v. Dallas County*, No. 3:06-CV-0771-L, 2007 U.S. Dist. LEXIS 74666, *10 (N.D. Tex. Oct. 5, 2007) (denying motion to strike supplemental appendix); *Citibank Tex., N.A. v. Progressive Cas. Ins. Co.*, No. 3:06-CV-0395-H, 2006 U.S. Dist. LEXIS 92282, *1 (N.D. Tex. Dec. 21, 2006) (considering supplemental appendix), *rev'd on other grounds*, 522 F.3d 591 (5th Cir. 2008); *Advocare Int'l L.P. v. Horizon Labs., Inc.*, No. 3:04-CV-1988-H, 2006 U.S. Dist. LEXIS 1170, *2 (N.D. Tex. Jan. 13, 2006) (same); *Covington v. Roy's Nutrition Ctrs., Inc.*, No. 3:03-CV-1493-BF, 2004 U.S. Dist. LEXIS 6052, *8 (N.D. Tex. March 22, 2004) (same); *Hinds v. Orix Capital Mkts., L.L.C.*, No. 3:02-CV-0239-P, 2003 U.S. Dist. LEXIS 15942, *1-2 (N.D. Tex. Sept. 11, 2003) (same); *Smith v. City of Richardson*, No. 3:00-CV-0377-G, 2002 U.S. Dist. LEXIS 7682, *15 n.7 (N.D. Tex. April 30, 2002) (Fish, C. J.) (same); *see also Bonn Operating Co. v. Devon Energy Prod. Co.*, No. 4:06-CV-734-Y, 2009 U.S. Dist. LEXIS 15618, *35-36 (N.D. Tex. Feb. 26, 2009) (considering supplemental appendix filed by plaintiff); *Lofton v. McNeil Consumer & Specialty Pharms.*, No. 3:05-CV-1531-L, 2008 U.S. Dist. LEXIS 94391, *2 (N.D. Tex. July 25, 2008) (same); *Dallas County Hosp. Dist. v. Associates' Health & Welfare Plan*, No. 3:99-CV-2746-G, 2001 U.S. Dist. LEXIS 6755, *4 and n.2 (N.D. Tex. May 22, 2001) (Fish, J.) (same).

submit additional evidence at the summary judgment stage to refute such allegations. Therefore, because the evidence in the Supplemental Appendix responds to new allegations Plaintiffs raised in their Response, it is proper for the Court to consider such evidence.

Although Plaintiffs complain about the Supplemental Appendix in general, their only specific arguments regarding the propriety of the evidence contained therein relate to Plaintiff Cox's failure-to-promote allegation. (Motion at 5-6). With respect to this issue, Plaintiffs' Complaint merely alleged that Cox was passed over for the Aurora position in favor of another candidate, Susan Rogers ("Rogers"). (Complaint at 7-8). Notably, neither the Complaint, Plaintiffs' EEOC charges, disclosures, nor written discovery responses alleged (1) Rogers did not meet the minimum educational requirements for the Aurora position, (2) she lacked the requisite security clearances for the position, or (3) Cox's "long working history" with Aurora personnel somehow made him better-qualified him for the position. Instead, Plaintiffs chose to wait until their Response to make these allegations. (Response at 14-15).

As Raytheon could not anticipate Plaintiffs' addition of new, incorrect allegations, Plaintiffs' delay in asserting such arguments forced Raytheon to present evidence along with its Reply to refute them. Specifically, Raytheon included in the Supplemental Appendix (1) a portion of Raytheon's Exempt Classification Guide (Supp. App. 13) confirming that Rogers' combination of experience and education qualified her for the Aurora position; (2) Raytheon's responses to Cox's second interrogatories (Supp. App. 60) confirming that Rogers met the security clearance requirement for the Aurora position[3]; and (3) deposition testimony from Cox (Supp. App. 66-73) further supporting these arguments. Raytheon took Cox's deposition on

---

[3] Raytheon also included a copy of the job requisition for the Aurora position in the Supplemental Appendix, which confirms that the position required only that a candidate be able to obtain the required security clearance. (Supp. App. 4-12). Plaintiffs already submitted this evidence along with their Appendix in support of the Response (Pl. App. 266-273), but the copy at Supp. App. 4-12 is easier to read.

March 13, 2009, and served its interrogatory responses on March 30, 2009. Thus, neither piece of evidence was available when Raytheon filed its Motion for Summary Judgment. Indeed, Cox did not even serve his second interrogatories upon Raytheon until February 27, 2009 – nearly a month after Raytheon filed its Motion for Summary Judgment.

Similarly, Plaintiffs' newly asserted and bizarre argument in their Response that Raytheon's internal distribution of a litigation hold memorandum to preserve potentially relevant documents constitutes evidence of age harassment (Response at 24) necessitated the filing of evidence (1) identifying Plaintiffs' actions that necessitated this memorandum (their EEOC charges and a demand letter from their attorney – Supp. App. 26-39), (2) confirming the distribution list on this memorandum was reasonably limited to individuals likely to have access to documents relevant to Plaintiffs' claims (the parties' disclosures – Supp. App. 40-57), and (3) revealing Plaintiffs' lack of recent experience with EEOC charges filed by Garland employees (Highland's deposition testimony – Supp. App. 62-65). Highland's deposition was taken on March 18, 2009, six weeks after Raytheon filed its Motion for Summary Judgment.

In addition, Plaintiffs' newly asserted argument in their Response that John Malanowski's alleged use of the term "contemporary skills" somehow constitutes evidence of age discrimination (Response at 5) necessitated the filing of deposition testimony from Cox identifying what skills Plaintiffs believe are "contemporary." (Supp. App. 73). Finally, Plaintiffs' newly asserted argument in their Response that Malanowski hugged a female colleague inappropriately necessitated the filing of deposition testimony from Cox confirming he did not believe the hug made the colleague uncomfortable (Supp. App. 72). Not one of these allegations is even referenced in the Complaint or Plaintiffs' EEOC charges, disclosures, or written discovery responses. Because Raytheon filed the above-described evidence in the

Supplemental Appendix in response to arguments that Plaintiffs chose not to assert until their Response, it is entirely proper for the Court to consider the evidence.

**C.     Plaintiffs mischaracterize the Supplemental Appendix as having been submitted without a request for leave.**

Finally, Plaintiffs allege in the Motion that Raytheon has not sought leave of Court to file the Supplemental Appendix. This claim is incorrect. Specifically, Plaintiffs filed a motion for leave to exceed the page limitation on the Response by seven pages (the "Motion for Leave") on March 17, 2009. Raytheon filed its Response two days later, noting the purely legal issues raised in the Motion for Summary Judgment and arguing that 57 pages of briefing were not warranted to respond to such a straightforward motion. However, Raytheon also offered the reasonable compromise in its response to the Motion for Leave that it would not oppose Plaintiffs' request for the additional seven pages of briefing "***so long as Raytheon can supplement the record with additional evidence with its reply brief***." (Resp. to Mot. for Leave at 2). Such supplementation was necessary, Raytheon explained, because the Response contained "numerous allegations not raised in [Plaintiffs'] EEOC charges, Complaint, disclosures, or written discovery responses." (*Id.*).

On April 1, 2009, the Court denied Plaintiffs' Motion for Leave as moot. Believing that the Court's order confirmed Raytheon indeed would be permitted to supplement the summary judgment record, Raytheon filed the Supplemental Appendix along with its Reply later on April 1, 2009. Therefore, to the extent the Court already has indicated Raytheon could file the Supplemental Appendix, it is properly before the Court. In the alternative, because (as explained *supra*), the Supplemental Appendix was submitted to refute allegations lodged for the first time in the Response, Raytheon respectfully renews its request for leave to file the Supplemental Appendix.

## III.

## CONCLUSION

WHEREFORE, Raytheon requests that the Motion be denied and that Raytheon receive any further relief to which it may be entitled.

Respectfully submitted,

/s Bryant S. McFall
Ron Chapman, Jr.
Texas Bar No. 00793489
Ron.Chapman@ogletreedeakins.com
Bryant S. McFall
Texas Bar No. 00784556
Bryant.McFall@ogletreedeakins.com
Michael H Bell
Texas Bar No. 24040504
Michael.Bell@ogletreedeakins.com
**OGLETREE, DEAKINS, NASH, SMOAK &
  STEWART, P.C.**
700 Preston Commons
8117 Preston Road
Dallas, Texas 75225
(214) 987-3800
(214) 987-3927 (Facsimile)

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

This is to certify that on April 23, 2009, I electronically transmitted the foregoing document to the Clerk of Court using the ECF system of filing, which will transmit a Notice of Electronic Filing to the following counsel for Plaintiff, an ECF registrant:

Hal K. Gillespie
Gillespie, Rozen, Watsky, & Jones, P.C.
3402 Oak Grove Avenue, Suite 200
Dallas, Texas 75204

/s Michael H. Bell
Michael H. Bell

7238175.1 (OGLETREE)